NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRAVIS HENNEGHAN, TIMOTHY HENNEGHAN,**
*Plaintiffs-Appellants*

**v.**

**MURIEL BOWSER, Mayor of the District of Columbia, BRIAN SCHWALB, Attorney General of the District of Columbia, PAMELA A. SMITH, Chief of Police for the Metropolitan Police Department, TIMOTHY W. SPRINGGS, Director of the District of Columbia Department of Public Works,**
*Defendants*

---

2025-1273, 2025-1274

---

Appeals from the United States District Court for the District of Columbia in No. 1:24-cv-01683-JEB, Chief Judge James E. Boasberg.

---

PER CURIAM.

## **O R D E R**

The court has received no response to its February 21, 2025 show cause order regarding whether these appeals should be dismissed or transferred. We now dismiss.

In June 2024, Travis Henneghan and Timothy Henneghan (collectively, "the Henneghans") filed a complaint in the United States District Court for the District of Columbia against various District of Columbia entities, appearing to allege, *inter alia*, kidnapping, harassment, discrimination, and violations of their constitutional rights when the Henneghans were removed from their father's custody in 2012. *See* Dkt. No. 1 at 4. On November 26, 2024, the Henneghans each filed a notice of appeal seeking this court's review of the district court's minute order directing them to show cause how their allegations give rise to a federal cause of action.

These appeals do not fall within the limited authority that Congress granted this court to review decisions of federal district courts. That jurisdiction extends only to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2). While 28 U.S.C. § 1631 authorizes this court to transfer a case to another appropriate court "if it is in the interest of justice," here such transfer would not be in the interest of justice because, at the time of the notices of appeal, the Henneghans were seeking review of an order that was clearly interlocutory and not appealable to any court.[1]

Accordingly,

---

[1]    Although the district court subsequently dismissed, the Henneghans did not file a new or amended notice of appeal from that dismissal order or respond to this court's show cause order to explain why transfer would be appropriate under the circumstances.

HENNEGHAN v. BOWSER                                              3

IT IS ORDERED THAT:

(1)  The appeals are dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 19, 2025
Date